ELDRIDGE S. JANNEY
*v.*
JOHNSON J. C. BIRCH, Administrator, etc.

NEW TRIAL—*finding against the evidence.* In this case, it is *held*, that the finding of the court below was against the decided preponderance of the evidence.

WRIT of ERROR to the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of assumpsit, originally commenced in the Circuit Court of Clark county, by the defendant in error, Johnson J. C. Burch, as administrator of Sarah E. Peake, against the plaintiff in error, Eldridge S. Janney, upon two notes; one for $1002.50, the other for $525, and payable, respectively, one day after date. A change of venue was taken to the Circuit Court of Edgar county, where the cause was tried by the court, without the intervention of a jury, who found for the plaintiff, and assessed his damages at $3,563.91, to which the defendant excepted, and he now brings the case to this court by writ of error. The facts in the case are fully stated in the opinion.

Mr. JOHN SCHOLFIELD, for the plaintiff in error.

Mr. JAMES A. EADS, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Birch, as administrator of Sarah E. Peake, against Janney, upon two notes, one for $1002.50, bearing date April 24, 1856, the other for $525, bearing date April 24, 1855, purporting to have been given by Janney to Mrs. Peake, and both payable one day after date. The defendant pleaded *non assumpsit,* and a special plea, verified by affidavit, denying the execution of the notes. The court found for the plaintiff.

In our judgment, the finding is against the decided preponderance of the evidence. It is true, three disinterested and credible witnesses, who knew the handwriting of defendant, testify they believe the signatures to the notes to be his. On the other hand, there is an array of evidence going to show that if the notes were ever given, they were settled with the payee in her life time, which, in our opinion, is irresistible.

Sarah E. Peake, the payee, was the sister of the defendant and the mother-in-law of the plaintiff. She died in 1858. The plaintiff's wife, who was the only child and heir of Mrs.

Peake, died soon after, leaving two children, the fruits of her marriage with plaintiff. Plaintiff took out letters of administration on Mrs. Peake's estate in February, 1859. No claims were ever presented against the estate. The plaintiff swears he had a settlement in 1861 with defendant, when he spoke to him about the notes, and defendant denied he owed them, and got angry. Plaintiff further testifies, the reason why he did not proceed to collect them, was that his wife had enjoined upon him, on her death bed, to give up the notes rather than have any difficulty about them, and he never would have brought suit upon them if he had not been annoyed by anonymous letters, which he believed to have been written by defendant's wife.

The defendant testifies that at the settlement in 1861, he took up the only note due from him to the estate of Mrs. Peake, amounting to $776.25, and that he was blind at the time, and James R. Bullion acted for him in making the settlement. He denies the statement of plaintiff in regard to any mention then being made of these notes.

Bullion was then called, and he fully corroborates the defendant, and produces the paper upon which the settlement was made in 1861, and identifies the note for $776.25, at that time cancelled. He swears he heard nothing said about any other notes or claims in favor of Mrs. Peake's estate, and thought the settlement embraced all claims held by plaintiff either as administrator or in his own right.

The defendant also read in evidence a record of certain proceedings in the Circuit Court of Edgar county, in which the plaintiff, in 1868, filed a petition as guardian of his two children, to whom these notes would belong, for leave to sell their real estate, and in the petition it is alleged the plaintiff had faithfully applied all their personal estate.

It is further sworn by both the defendant and his son, and not denied by plaintiff, that in 1864 defendant and his son called on plaintiff in Louisville, Ky., to get him to assist in the payment of a large debt in which defendant was security

for plaintiff, and plaintiff said he was cramped for money and could not assist in the payment, and made no claim that defendant was indebted to him either in his own right or as administrator. The defendant's son further testifies that he has several times demanded of plaintiff, for his father, repayment of the money then paid for plaintiff, and he has always regretted his inability to pay, and has never claimed that defendant owed him anything either in his own right or as administrator.

Besides all this, it is admitted that plaintiff had never inventoried these notes as administrator of Mrs. Peake, nor had he in any way charged himself with them.

It is also worthy of remark that the note for $776.25 taken up at the settlement in 1861, bears date the same day with the $1,000 note, and like that falls due one day after date, and is for borrowed money. It is singular that these two notes should have been given the same day.

When in addition to all these facts, we refer to the date of the notes, April, 1855 and 1856, maturing one day after date, and not put in suit until 1868, we are compelled to the conclusion that the judgment in this case should have been for the defendant.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT dissents.